IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GLENN HEAGERTY,<br><br>    Plaintiff,<br><br>v.<br><br>AMIP MANAGEMENT, LLC and<br>RUBIN LUBLIN, LLC,<br><br>    Defendants. | Case No.<br>1:20-cv-02727-SCJ-RGV |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS AMENDED COMPLAINT

COME NOW, AMIP Management, LLC ("AMIP") and Rubin Lublin, LLC ("RL," collectively, the "Defendants"), and file this Memorandum of Law in Support of their Motion to Dismiss the Plaintiff's Amended Complaint [Doc. 17] pursuant to Fed. R. Civ. P. 12(b)(6), respectfully showing this Honorable Court as follows:

### STATEMENT OF FACTS

This case is one brought exclusively under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* Plaintiff Glenn Heagerty is challenging a series of letters and foreclosure notices related to a mortgage loan encumbering

1

the property located at 2890 Willow Wisp Way, Cumming, Georgia 30040. *See* [Doc. 17] at ¶ 8.

The subject mortgage loan is evidenced by a security deed recorded in Deed Book 8648, Page 317, Forsyth County, Georgia records (the "Security Deed"). [Doc. 1] at ¶ 9(b). The Security Deed was assigned on July 25, 2018, to U.S. Bank National Association, not individually but solely as Trustee for Bluewater Investment Trust 2018-A ("U.S. Bank A") via Corporate Assignment recorded on August 16, 2018, in Deed Book 8648, Page 196, Forsyth County, Georgia records. *Id.*; *see also* [Doc. 1-3]. On December 20, 2019, U.S. Bank A assigned the security deed to U.S. Bank National Association, not individually but solely as Trustee for Bluewater Investment Trust 2018-1 ("U.S. Bank 1"), recorded on January 2, 2020, in Deed Book 9168, Page 317, Forsyth County, Georgia records. [Doc. 1-20], p. 24. On December 31, 2019, U.S. Bank 1 executed an Assignment of Security Deed to assign the Security Deed to Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-E, recorded on February 21, 2020 in Deed Book 9225, Page 360, Forsyth County, Georgia records. *Id.* at p. 28.

The first two letters at issue were sent in a single envelope by AMIP to the Plaintiff on November 21, 2019. [Doc. 17], ¶ 9. The Plaintiff claims these were

received on November 29, "and they were the first communications that [he] had ever received from AMIP." *Id.* One of the letters had "Residential Credit Opportunities Trust V-C" across the top, and was signed by "Ron McMahan, CEO." *See* [Doc. 17-3]. The Plaintiff contends that Mr. McMahan is the CEO of AMIP. [Doc. 17] at ¶ 10. The letter [Doc 17-3] read as follows:

> **Residential Credit Opportunities Trust V-C**
>
> November 21, 2019
>
> Glenn M Heagerty
> 2890 Willow Wisp Way
> Cumming, GA 30040
>
> Dear Glenn M Heagerty,
>
> This letter confirms Residential Credit Opportunities Trust V-C is the new owner of your mortgage loan. The ownership of your mortgage loan was acquired by Residential Credit Opportunities Trust V-C, November 15, 2019.
>
> The new servicer of your mortgage loan will be FCI Lender Services, Inc. ("FCI"). You will shortly receive a letter from FCI notifying you that they are the new servicer of your mortgage loan. A representative of FCI can also be contacted at 800-931-2424 to confirm Residential Credit Opportunities Trust V-C is the new owner of your mortgage loan, or to answer any questions you may have.
>
> Residential Credit Opportunities Trust V-C will not be the servicer of your mortgage loan. We are a private real estate investment company that purchases mortgages and residential real estate. We own our real estate assets. We do not provide our services to third parties, nor do we charge homeowners fees for the services we provide.
>
> Residential Credit Opportunities Trust V-C has many programs designed to fit your current financial needs and to regain equity in your home. We also have programs available to you should you wish to vacate your property and be rid of further financial obligation.
>
> Please contact me with any questions or comments. I look forward to speaking to you.
>
> Sincerely,
>
> *Ron McMahan*
>
> Ron McMahan, CEO
>
> This is an attempt to collect a debt. Any information obtained will be used for that purpose.
>
> P.O. Box 2741, Seal Beach, CA 90740        562-735-6555

The second letter [Doc. 17-4] was similar in nature and read as follows:

3



The Plaintiff complains that both letters are problematic because neither contained the following nor was it provided to him within five days of receipt of either letter:

a. Informed Mr. Heagerty of the amount of his alleged debt to Trust V-C.

b. Contained a statement that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

4

      c. Contained a statement that if "the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

      d. Contained a statement that "upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

[Doc. 17] at ¶¶ 12-13.

Next, on January 14, 2020, AMIP supposedly sent two more letters to the Plaintiff. These letters were identical to the prior two letters sent including the date of the letters (November 21, 2019), except that instead of identifying "Residential Credit Opportunities Trust V-C," they identified "Residential Opportunities Trust V-E" as the owner of the loan. *Id.* at ¶ 16; [Doc. 17-6]; [Doc. 17-7]. The Plaintiff raises the exact same issues as with the first two letters. *Compare* [Doc. 17] at ¶¶ 12-13 *with* [Doc. 17] at ¶¶ 18-19.

At some point on or before February 13, 2020, RL was retained to represent Wilmington Savings Fund Society, FSB, as Owner Trustee of Residential Opportunities Trust V-E to conduct a non-judicial foreclosure sale. *See* [Doc. 17-8]. On February 13, 2020, RL sent a letter to the Plaintiff titled "Notice Pursuant to Fair Debt Collection Practices Act (If Applicable)," *id.*, which read as follows:

**RUBIN LUBLIN, LLC**
Attorneys and Counselors at Law
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
TEL (877) 813-0992
FAX (404) 601-5846

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Copy Via Regular Mail

February 13, 2020

GLENN M HEAGERTY
2890 WILLOW WISP WAY
CUMMING, GA 30040

*Notice Pursuant to Fair Debt Collection Practices Act (If Applicable)*

| | |
|---|---|
| **File No.:** | AMI-20-00195-1 |
| **Loan:** | Note, and Security Deed from GLENN M HEAGERTY to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC AS NOMINEE FOR CAPITAL ONE HOME LOANS LLC ("Original Lender") |
| **Name:** | GLENN M HEAGERTY |
| **Amount of Debt:** | $254,687.69 |
| **Property Address:** | 2890 WILLOW WISP WAY, CUMMING, GA 30040 |

Please be advised that this law firm represents Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-E, successor in interest to the Original Lender. This letter is to advise you that we have been retained to non-judicially foreclose the Loan. *The amount of the debt owed on the Loan indicated above may consist of the unpaid principal balance, any unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges. This amount changes daily, therefore to find out the amount needed to either bring your Loan current or to pay off your Loan in full, please call 562-735-6555 x100.*

Unless you notify us within thirty (30) days after receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid. If you notify us in writing of a dispute, we will obtain verification of the debt and mail it to you. Also, if you make a written request to this law firm within thirty (30) days from receipt of this notice, we will provide you with name and address of the Original Lender by mail. Be advised that we may commence our stated collection activity without waiting thirty (30) days, as permitted by law and if so requested by our client.
(Continued on back/next page)

This notice is not a demand for payment or possession. Our client is seeking only to enforce its rights against the above-referenced property pursuant to the Loan and not against you personally. Further, if you have received a discharge in a bankruptcy proceeding, this notice is not intended to collect against you personally or indicate that you are personally liable for this debt. This notice relates solely to an enforcement of rights with respect to the above-referenced property.

We do not believe that you are represented by counsel. If you are represented by counsel, please notify us immediately and provide the name and address of your lawyer so that we may direct communications to them. If we do not hear from you we will assume that you are not represented by counsel.

If you are currently or have within the last twelve (12) months been in the military service AND joined after entering into the Loan, please notify this office immediately. You may be entitled to relief under the Servicemembers Civil Relief Act. You may also call 1-800-342-9647 for further assistance or visit www.militaryonesource.com/SCRA. When contacting this office as to your military service, you must provide us with positive proof as to your military status. If you do not provide this information, we will assume that you are not entitled to protection under the above mentioned Act.

This letter is notice to the extent the Fair Debt Collection Practices Act (the "FDCPA") applies. Nothing contained herein or in future notices shall be deemed an admission that the FDCPA applies to this firm's representation of the aforementioned creditor

For further information about this matter, please contact Rubin Lublin, LLC at (877) 813-0992.

Should the FDCPA apply, please be advised that this firm is acting as a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

RL subsequently scheduled a foreclosure sale for April 7, 2020 and caused a notice of foreclosure sale to be published. *See* [Doc. 17] at ¶ 26(a); [Doc. 17-9]. The Plaintiff claims that "[RL] was not legally able to foreclose" because the foreclosure advertisement did not set out the property address in bold type as required by O.C.G.A. § 44-14-162 and "incorrectly identified AMIP as the 'entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor' as required by O.C.G.A. § 44-14-162.2." [Doc. 17] at ¶ 26. The Plaintiff claims that "[i]n a telephone call with Mr. Heagerty, AMIP's Chief Executive Officer, Ron McMahan, admitted that AMIP did not have such authority." *Id.* at ¶ 26(b).

The April sale apparently did not proceed as scheduled, and RL sent a nearly identical letter to the one sent on February 13. The only difference is that the amount of the debt increased to $259,654.54. *Compare* [Doc. 17-8] *with* [Doc. 17-10]. RL then scheduled a foreclosure sale for July 7, 2020. *See* [Doc. 17] at ¶ 32; [Doc. 17-11]. The Plaintiff makes the same complaints about the July foreclosure advertisement as he did with the April advertisement. *Compare* [Doc. 17] at ¶ 26 *with* [Doc. 17] at ¶ 32. The July foreclosure sale did not take place because the Plaintiff filed a separate state court action and obtained a temporary restraining order. *Id.* at ¶ 34.

## ARGUMENT AND CITATION OF AUTHORITY

A.     **STANDARD OF REVIEW**

A court shall grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

B.     **THE PLAINTIFF HAS FAILED TO STATE ANY CLAIM UNDER THE FDCPA AGAINST AMIP**

Count 1 is an FDCPA claim against AMIP. The elements of a successful FDCPA claim require a plaintiff to establish that:

> (1) he has been the object of collection activity related to a consumer debt; (2) the defendant collecting the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in an act

prohibited by the FDCPA, or has otherwise failed to perform a requirement imposed by the FDCPA.

*Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011) (quoting *Buckley v. Bayrock Mortg. Corp.*, No. 1:09-cv-1387-TWT, 2010 WL 476673, at *6 (N.D. Ga. Feb. 5, 2010)) (citations omitted).

The claim against AMIP fail because the Plaintiff has failed to show that AMIP is a debt collector under the statute or that he was the object of collection activity from AMIP.

*1. The Plaintiff has not shown that AMIP is a debt collector*

The FDCPA applies only to "debt collectors" as defined by the Act. *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1031 (2019). "To state an FDCPA claim, [a plaintiff] must plausibly allege sufficient factual content to enable the court to draw a reasonable inference that [defendant] meets the FDCPA's definition of 'debt collector' and is thus subject to the Act." *Kurtzman v. Nationstar Mortg. LLC*, 709 F. App'x 655, 658-59 (11th Cir. 2017). Under the FDCPA, 15 U.S.C. § 1692a(6),

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect

9

such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

Here, the Plaintiff set forth the following allegations in an attempt to show that AMIP is a debt collector:

> 3. AMIP is a "debt collector" under 15 U.S.C. § 1692a(6), to wit:
>> a. AMIP regularly collects or attempts to collect debts due or owed or asserted to be due or owed to another.
>>
>> b. Specifically, AMIP represents institutional and private investors that purchase distressed residential real estate, real estate loans and mortgages that are in default. AMIP's clients include entities such as Residential Credit Opportunities Trust V-C and Residential Credit Opportunities Trust V-E.
>>
>> c. The debts that AMIP collects and attempts to collect are obligations or alleged obligations of consumers to pay money arising out of transactions in which the money, property and services which are the subject of the transaction are primarily for personal, family, or household purposes, including the financing of consumer purchases of residential real estate.
>>
>> d. On behalf of its institutional and private investor clients, AMIP communicates with the consumers who own distressed residential real estate and/or whose mortgages and real estate loans are in default.
>>
>> e. When having such communications, AMIP routinely uses interstate telephone services, the internet, email and the U.S. Mail to communicate with consumers. AMIP also uses such methods to communicate with its clients

and third-parties involved in its collection efforts. For example, AMIP routinely sends dunning form letters, materially similar to those attached hereto as Exhibits C, D, F and G, to consumers in an effort to collect mortgage debts on behalf of its clients.

f. AMIP also uses an "internet-based" asset management system that aids in its debt collection activity. *See* http://www.amipmanagement.com/amip-technology.html (last accessed 2020-08- 30).

g. Through its communications with consumers, AMIP collects and/or attempts to collect debts under the guise of providing homeowners with "appropriate solutions for their homeownership problems," which include, *inter alia*, offering homeowners the opportunity to "vacate" their homes and "be rid of further financial obligation" to the lenders that AMIP represents. Such collection efforts are AMIP's attempt to ensure that consumers pay their debts "retain their home[s] and avoid foreclosure." *See* http://www.amipmanagement.com/ (last accessed 2020-08-30).

h. Since 2007-2008, AMIP has collected and "resolved" more than $3 billion of debts related to distressed residential mortgages in the United States. *See* http://www.amipmanagement.com/ (last accessed 2020-08-30).

[Doc. 17] at ¶ 3.

Within these allegations, the Plaintiff does not attempt to show that AMIP's "principal purpose" is to collect debts, but instead travels down the path that AMIP supposedly "regularly collects or attempts to collect, directly or indirectly, debts

11

owed or due or asserted to be owed or due another." *See id.* at ¶ 3(a). However, nothing in the Amended Complaint or the letters attached as exhibits show that this is the case. First, as will be shown, *infra*, the letters attached to the Amended Compliant are not "dunning letters" and do not seek to collect a debt. Thus, the letters that the Plaintiff believes show that AMIP is collecting debt do not serve such a purpose. The rest of the allegations regarding communications with consumers are conclusory and plead no facts showing that any communications that AMIP has with consumers is for the purpose of debt collection.

The remainder of the Plaintiff's allegations center around statements on AMIP's website regarding technology provided to investors – not borrowers – and "providing homeowners with 'appropriate solutions for their homeownership problems,' which include, *inter alia*, offering homeowners the opportunity to 'vacate' their homes and 'be rid of further financial obligation' to the lenders that AMIP represents." *Id.* at ¶ 3(f)-(g). However, the website that the Plaintiff relies on for these allegations explicitly states that all "loss mitigation inquiries, or general questions related to [the borrower's] mortgage" must be directed to "our servicer FCI Lender Services." *See* www.amipmangement.com (last accessed September 14, 2020). This is in line with the letters at issue in this case, which say the same thing about contacting FCI. *See* [Docs. 17-3, 17-4, 17-6, 17-7]. In other words, if

any entity is a debt collector, it is FCI, not AMIP. Moreover, nowhere on the website does AMIP identify itself as a debt collector or even use such a term. Instead, AMIP "is a registered investment advisor with the Securities and Exchange Commission (SEC)." *Id.* Thus, the Plaintiff has failed to present any factual allegations that AMIP "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *See* 15 U.S.C. § 1692a(6). The sole claim against AMIP should be dismissed.

### 2. *The Plaintiff has not shown that he was the object of collection activity*

In addition to failing to show that AMIP is a debt collector, the Plaintiff has also failed to show that he was the object of collection activity from it. "When determining whether a communication is 'in the connection with the collection of any debt,' [the Eleventh Circuit] look[s] to the language of the communication in question – specifically to statements that demand payment and discuss additional fees if payment is not tendered." *Farquarson v. Citibank, N.A.*, 664 F. App'x 793, 801 (11th Cir. 2016) (citation omitted).

Here, the letters from AMIP do not in any way discuss payment of the debt and are solely informational in purpose. In fact, the words (or derivatives of) pay, demand, or fees never appear anywhere. *See* [Docs. 17-3, 17-4, 17-6, 17-7]. Although the bottom of each letter (separate from the rest of the text) says "[t]his is

an attempt to collect a debt" and that "[a]ny information will be used for that purpose," this does not transform the actual substance of the letter and moreover, this language does not "demand payment" as required by the Eleventh Circuit's test.

Instead, this language is from 15 U.S.C. § 1692e(11), which requires that debt collectors include a statement in their initial communication, and all communications thereafter, "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose . . . ." However, this language is commonly added to communications by entities who are not actually debt collector under the Act or acting to collect a debt. It gets added because these entities are concerned that a court could find them and the communication covered by the FDCPA, so they err on the side of caution and include it. Courts, including this one, have held that they will not penalize parties or find them to be a debt collector just because this language is added. *See Warren v. Countrywide Home Loans, Inc.*, No. 1:08-CV-2202-ODE [Doc. 14] (N.D. Ga. Oct. 20, 2008) (citing *Chomilo v. Shapiro, Nordmeyer & Zielke, LLP*, No. 06-3103, 2007 WL 2695795, at *6 (D. Minn. Sept. 12, 2007)). As such, there is nothing before this Court showing that any of AMIP's letters were for the purpose of collecting a debt, and the FDCPA claim against it should be dismissed.

## B.   THE PLAINTIFF HAS FAILED TO STATE ANY CLAIM UNDER THE FDCPA AGAINST RL

Counts 2 is an FDCPA claims against RL. While RL disputes that it is a debt collector under the FDCPA, it is not even necessary to resolve that issue because the claim can easily be dismissed for failing to show any violation of the FDCPA. The sole claim against RL is that it allegedly "violated 15 U.S.C. § 1692e by threatening to take actions that could not legally be taken. Specifically, [RL] could not legally foreclose on Mr. Heagerty's home because the April and July Notices of Sale were defective." [Doc. 17] at ¶ 41. Section 1692e(5) of the FDCPA prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken."

The Plaintiff claims that "[RL] was not legally able to foreclose" because the foreclosure advertisement did not set out the property address in bold type as required by O.C.G.A. § 44-14-162" and "incorrectly identified AMIP as the 'entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor' as required by O.C.G.A. § 44-14-162.2." [Doc. 17] at ¶ 26. The Plaintiff claims that "[i]n a telephone call with Mr. Heagerty, AMIP's Chief Executive Officer, Ron McMahan, admitted that AMIP did not have such authority." *Id.* at ¶ 26(b). However, these alleged failures do not mean that RL could not legally pursue a non-judicial foreclosure sale.

15

Under Georgia law, "[n]o sale of real estate under powers contained in mortgages, deeds, or other lien contracts shall be valid unless the sale shall be advertised and conducted at the time and place and in the usual manner of the sheriff's sales in the county in which such real estate or part thereof is located and unless notice of the sale shall have been given as required by Code Section 44-14-162.2." O.C.G.A. § 44-14-162(a). As such, "[t]he minimum legal requirements of a foreclosure advertisement are prescribed in [the sheriff's sale statute,] O.C.G.A. § 9-13-140(a), and only a failure to properly include those items will render the advertisement defective as a matter of law." *Diplomat Const., Inc. v. State Bank of Tex.*, 726 S.E.2d 140, 146 (Ga. Ct. App. 2012) (quoting *Southeast Timberlands v. Sec. Nat'l Bank* 469 S.E.2d 454, 456 (Ga. Ct. App. 1996)). The requirements of O.C.G.A. § 9-13-140(a) are as follows:

> (a) The sheriff, coroner, or other officer shall publish weekly for four weeks in the legal organ for the county, or if there is no newspaper designated as such, then in the nearest newspaper having the largest general circulation in such county, notice of all sales of land and other property executed by the officer. In the advertisement the officer shall give a full and complete description of the property to be sold, making known the names of the plaintiff, the defendant, and any person who may be in the possession of the property. In the case of real property, such advertisement shall include the legal description of such real property and may include the street address of such real property, if available, but provided that no foreclosure shall be invalidated by the failure to include a street address or by the insertion of an erroneous street address.

16

The requirement of bolding a street address and including information about the "entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor" are not located in this code section, and are instead in O.C.G.A. § 44-14-162(a) and 44-14-162.2, respectively. Accordingly, the issues alleged by the Plaintiff do not make the notices of sale defective as a matter of law and therefore he has failed to state a claim under the FDCPA.

## **CONCLUSION**

Based on the foregoing, AMIP and RL respectfully request that this Court grant their Motion to Dismiss.

Respectfully submitted, this 15th day of September 2020.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar No. 720572)
> **RUBIN LUBLIN, LLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> (678) 281-2730 (Telephone)
> (404) 921-9016 (Facsimile)
> bchaness@rlselaw.com
> *Attorney for AMIP Management, LLC and Rubin Lublin, LLC*

## FONT CERTIFICATION

The undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 15th day of September 2020.

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (GA Bar No. 720572)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 15th day of September 2020, electronically filed the within and foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

                                              */s/ Bret J. Chaness*
                                              BRET J. CHANESS (GA Bar No. 720572)