**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GLENN HEAGERTY, <br><br> Plaintiff, <br><br> v. <br><br> AMIP MANAGEMENT, LLC and <br> RUBIN LUBLIN, LLC, <br><br> Defendants. | Case No. <br> 1:20-cv-02727-SCJ-RGV |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO
DISMISS AMENDED COMPLAINT**

COME NOW, AMIP Management, LLC ("AMIP") and Rubin Lublin, LLC

("RL," collectively, the "Defendants"), and file this Reply to the Plaintiff's

Response to their Motion to Dismiss the Plaintiff's Amended Complaint [Doc. 24],

respectfully showing this Honorable Court as follows:

**ARGUMENT AND CITATION OF AUTHORITY**

**A.    THE PLAINTIFF HAS FAILED TO SHOW THAT AMIP IS A DEBT
COLLECTOR UNDER THE FDCPA**

In the Motion to Dismiss, AMIP first argued that the claim against it under

the FDCPA must be dismissed because, *inter alia*, the Plaintiff has failed to show

that it is a debt collector. *See* [Doc. 20-1] at pp. 9-13.

> Under the FDCPA, "debt collector" is defined in three **distinct** ways: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," (the "principal purpose" definition), (2) any person who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" (the "regularly collects" definition), or (3) any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

*Husain v. Bank of Am., N.A.*, No. 18 CV 7646, 2020 WL 777293, at *4 (N.D. Ill. Feb. 18, 2020) (citing 15 U.S.C. § 1692a(6)) (emphasis added).

As noted previously by the Defendants, the Plaintiff's allegations focus solely on the second portion – that AMIP "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *See* [Doc. 20-1] at p. 11; *see also* [Doc. 17] at ¶ 3. Initially, this is relevant because one of the Plaintiff's allegations in support of how AMIP regularly attempts to collect debts is that it "uses an "internet-based" asset management system that aids in its debt collection activity." *Id.* In his response brief, the Plaintiff admits that this allegation is "not intended to conclusively demonstrate that AMIP is a debt collector" but just that it uses an instrumentality of interstate commerce "in connection with its debt collection activities . . . ." [Doc. 24] at p. 5. However, using an instrumentality of interstate commerce is only relevant if trying to show that a businesses' primary purpose is debt collection, which is not what the

Plaintiff is trying to show. Since the Plaintiff has essentially admitted that AMIP's internet-based asset management system is not used to collect debts, such an allegation cannot support a showing that AMIP is an entity that "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

The Plaintiff failed to address any of the other arguments set forth by AMIP in its Motion to Dismiss, and instead just repeated the allegations from his Amended Complaint. *See* [Doc. 24] at p. 4. Notably, the Plaintiff failed to address that AMIP's website – which he relies on heavily to try to show that AMIP is a debt collector – and the letters attached to the Amended Complaint explicitly state that a separate entity, FCI Lender Servicers, is responsible for all aspects of loan servicing, such as collecting payments and overseeing loss mitigation (i.e., loan modification) inquiries. *See* [Doc. 20-1] at pp. 12-13. AMIP then said in its Motion to Dismiss that "if any entity is a debt collector, it is FCI, not AMIP." *Id.* This statement is unrefuted in the Plaintiff's response. Quite simply, the Plaintiff has failed to show that AMIP is a debt collector under the FDCPA and the claim against it should be dismissed.

**B.** **THE PLAINTIFF HAS FAILED TO SHOW THAT HE WAS THE OBJECT OF COLLECTION ACTIVITY FROM AMIP**

In addition to failing to show that AMIP is a debt collector, it was also argued that the Plaintiff did not show that he was the subject of any debt collection activity from it. *See* [Doc. 20-1] at pp. 13-14. Central to this argument is the Eleventh Circuit's standard on this issue: "When determining whether a communication is 'in the connection with the collection of any debt,' [the Eleventh Circuit] look[s] to the language of the communication in question – specifically to statements that demand payment and discuss additional fees if payment is not tendered." *Farquarson v. Citibank, N.A.*, 664 F. App'x 793, 801 (11th Cir. 2016) (citing *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2014)); *see also Pinson v. JP Morgan Chase Bank, Nat'l Ass'n*, 646 F. App'x 812, 814 (11th Cir. 2016) (identical language). Although this language is from an unpublished decision, this Court recently cited to *Pinson* when declaring it to be the relevant standard. *See Ponder v. Ocwen Loan Servicing, LLC*, No. 1:16-CV-4125-ODE-LTW, 2020 WL 4550934, at *13 (N.D. Ga. Apr. 23, 2020).

In response, the Plaintiff entirely ignored what the Eleventh Circuit said and decided that this is "an overly restrictive interpretation of the phrase 'collection activity.'" [Doc. 24] at p. 7. He went on to argue that "[t]he FDCPA only requires that the debt collector attempt 'to obtain payment or liquidation' or a debt, which is

clearly what AMIP did when it suggested that, *inter alia*, Mr. Heagerty 'vacate' his home and 'be rid of further financial obligation' on his mortgage loan." [Doc. 24] at pp. 7-8. Not only does this argument ignore what the Eleventh Circuit has said, but it completely misconstrues the relevant communications. Nothing in the letter ever "suggested" that Mr. Heagerty vacate his home. Rather, the letter said that "Residential Credit Opportunities Trust V-C [and V-E] . . . ha[ve] many programs designed to fit your current financial needs and regain equity in your home. We also have programs available to you **should you wish** to vacate your property and be rid of further financial obligation." [Doc. 17-3] (emphasis added); [Doc. 17-6] (emphasis added). In short, the letters do not at all suggest to the Plaintiff that he should vacate his home to rid himself of mortgage debt. The letter simply speaks of options that may be available to him without ever *suggesting* that he do any of them. Further, there is nothing in any of the letters "that demand payment and discuss additional fees if payment is not tendered." *Farquarson*, 664 F. App'x at 801.

The Plaintiff then tried to refute AMIP's argument that the statement at the bottom of each letter (separate from the rest of the text) says "[t]his is an attempt to collect a debt" and that "[a]ny information will be used for that purpose" does not transform the actual substance of the letter and moreover, this language does not

"demand payment" as required by the Eleventh Circuit's test. In his response, the Plaintiff agrees that "such an admission may not be dispositive of the issue" but notes that "courts in this circuit and district routinely point to the inclusion of such language in communications from debt collections and similar admissions by a defendant as relevant evidence of collection activity." [Doc. 24] at p. 9 (*citing Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1217 (11th Cir. 2012); *Johnson v. Fay Servicing, LLC*, No. 1:17-CV-02513-CC-JCF, 2018 WL 5262078 (N.D. Ga. July 2, 2018); *Consumer Fin. Protection Bureau v. Universal Debt & Payment Solutions, LLC*, No. 1:15-CV-0859-RWS, 2019 WL 1295004 (N.D. Ga. March 21, 2019)). However, none of these cases provide support for the Plaintiff's position.

In *Reese*, the Eleventh Circuit was also determining whether a letter from a law firm conducting a foreclosure constituted collection activity. The Court noted that "the letter specifically states that the law firm 'IS ATTEMPTING TO COLLECT A DEBT," and another states "THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT." 678 F.3d at 1217 (emphasis in original). However, the letters also stated that "Lender *demands full and immediate repayment* of all amounts due" and that if the debt is not paid, then attorney's fees will be added "*for which collection is sought*." *Id.* (emphasis

6

supplied by court). The Eleventh Circuit looked at the letters in totality to determine if they were attempts to collect a debt. *See id.*

In *Johnson*, this Court was not analyzing whether a communication was in connection with the collection of a debt. Instead, the issue that this Court was looking at – at least with respect to language in a letter that it was an attempt to collect a debt – was whether a plaintiff sufficiently alleged that a defendant was a debt collector under the FDCPA. *See* 2018 WL 5262078, at * 11 ("The undersigned funds that the language from McCalla's letters indicating it was attempting to collect a debt owed to another as well as Plaintiff's allegations that McCalla regularly attempts to collect debts owed or asserted to be owed to another 'by mailing thousands of demands for payment or the filing of a deficiency judgment' as sufficient at this stage to plausibly allege that McCalla [is a debt collector under the FDCPA]."). Since that is not the issue before the Court with respect to the subject language in the letters, *Johnson* is inapposite. The third case cited, *Universal Debt*, is also inapplicable because this Court was analyzing only the same issue as *Johnson* – whether the defendant qualified as a debt collector. *See* 2019 WL 1295004, at *13.

*Reese* is arguably the most on point case, but it is distinguishable and does not support the Plaintiff's case. In *Reese*, the Court was faced with letters that not

only stated that they were attempts to collect a debt, but made explicit demands for payments and stated that additional fees would be added if the debt was not paid. *See* 678 F.3d at 1217. That is not even remotely close to the letters at issue here. AMIP never once demanded payment, suggested that payment was required, discussed additional fees, or anything coming close to "statements that demand payment and discuss additional fees if payment is not tendered." *Farquarson*, 664 F. App'x at 801. The Plaintiff has failed to show that he was the subject of any debt collection activity from AMIP and his claim against it should be dismissed.

**C.   THE PLAINTIFF IS MISCONSTRUING GEORGIA FORECLOSURE LAW AND HE HAS FAILED TO STATE A CLAIM AGAINST RL**

The sole claim against RL is that it allegedly "violated 15 U.S.C. § 1692e by threatening to take actions that could not legally be taken. Specifically, [RL] could not legally foreclose on Mr. Heagerty's home because the April and July Notices of Sale were defective." [Doc. 17] at ¶ 41. Section 1692e(5) of the FDCPA prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." Specifically, the Plaintiff claims that "[RL] was not legally able to foreclose" because the foreclosure advertisement did not set out the property address in bold type as required by O.C.G.A. § 44-14-162" and "incorrectly identified AMIP as the 'entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor' as

required by O.C.G.A. § 44-14-162.2." [Doc. 17] at ¶ 26. The Plaintiff claims that "[i]n a telephone call with Mr. Heagerty, AMIP's Chief Executive Officer, Ron McMahan, admitted that AMIP did not have such authority." *Id.* at ¶ 26(b).

In its Motion to Dismiss, RL set forth binding[1] case law from Georgia appellate courts which demonstrate that the two issues complained of – unbolded street address and incorrect entity identified as having full authority to modify – do not render a foreclosure notice legally defective under Georgia law. *See* [Doc. 20-1] at pp. 16-17 (citing *Diplomat Const., Inc. v. State Bank of Tex.*, 726 S.E.2d 140, 146 (Ga. Ct. App. 2012)).

In response, the Plaintiff first attempts to convince this Court that RL's argument is wrong because a state court – in the Plaintiff's parallel attempt to obtain an injunction to stop the foreclosure sale – ruled, in an order on a motion for temporary restraining order, that not bolding the address would made the notice of sale defective. *See* [Doc. 24] at pp. 10-11; *see also* [Doc. 17-12]. However, the state court did not rule that an unbolded address would make a foreclosure notice

---

[1] Federal courts "are bound to follow the decisions of the state's intermediate appellate courts [on issues of state law] unless there is some persuasive indication that the highest court of the state would decide the issue differently." *McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002). Here, there is absolutely no indication that the Georgia Supreme Court would come to a contrary decision, especially as the Georgia Court of Appeals has decided the issue numerous times without any contrary decision by the Georgia Supreme Court.

"defective" and never even said what the underlying cause(s) of action were on which the Court believed the Plaintiff had shown a likelihood of success on the merits. *See* [Doc. 17-12]. More importantly, this Court is not bound in any respect by an order on a temporary restraining order because it is not a final judgment. *See Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011) (final judgment required for both claim and issue preclusion to apply).

The Plaintiff then goes on to try to give his own interpretation of the Georgia foreclosure statutes while ignoring Georgia appellate authority. The Plaintiff is not free to disregard this binding authority. As the Georgia Court of Appeals has stated:

> A nonjudicial foreclosure sale must be advertised in the same manner as that of a judicial foreclosure sale. OCGA § 9–13–140(a) requires, in part, that the advertisement give a "full and complete [legal] description of the property to be sold." **But Georgia's appellate courts have repeatedly emphasized that not every irregularity or deficiency in a foreclosure advertisement will void a sale. Rather, only if an advertisement fails to properly encompass those items required by OCGA § 9–13–140(a) will it be deemed defective as a matter of law.** And if the advertisement is not defective as a matter of law, "the errors in the advertisement will support a wrongful foreclosure claim [only] if the debtor can come forward with evidence that the defects chilled the bidding at the foreclosure sale, causing a grossly inadequate sale price."

*Wells Fargo Bank, N.A. v. Molina-Salas*, 332 Ga. App. 641, 642–43, 774 S.E.2d 712, 714–15 (2015) (citations omitted) (emphasis added).

As RL argued in its Motion to Dismiss, the issues complained of by the Plaintiff are grounded in statutes other than O.C.G.A. § 9-13-140(a). *See* [Doc. 20-1] at pp. 16-17. The Plaintiff can try to analyze O.C.G.A. §§ 44-14-162(a) and 44-14-162.2(a) all he wants, but it is a futile endeavor. Georgia case law is clear that the issues that the Plaintiff complains of in the subject foreclosure advertisements do not render them defective as a matter of law. Instead, they may only provide a basis for a separate wrongful foreclosure claim "only if [he] can come forward with evidence that the defects chilled the bidding at the foreclosure sale, causing a grossly inadequate sales price." *Id.* Since this Court is only concerned with whether the notice of sale is defective as a matter of law, it need not ever decide in this case whether the issues complained of could chill the bidding and cause an inadequate sales price. Since the foreclosure notices here were not defective as a matter of law, the Plaintiff has failed to state a claim against RL under the FDCPA.

## CONCLUSION

Based on the foregoing, the Defendants respectfully renew their request that this Court grant their Motion to Dismiss.

Respectfully submitted, this 7th day of October 2020.

/s/ Bret J. Chaness
BRET J. CHANESS (GA Bar No. 720572)
**RUBIN LUBLIN, LLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (Telephone)
(404) 921-9016 (Facsimile)
bchaness@rlselaw.com
Attorney for AMIP Management, LLC and
Rubin Lublin, LLC

12

## **FONT CERTIFICATION**

The undersigned counsel hereby certifies that the within and foregoing was

prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 7th day of October 2020.

                                        */s/ Bret J. Chaness*
                                        BRET J. CHANESS (GA Bar No. 720572)

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 7th day of October 2020, electronically filed the within and foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)